Filed 2/22/21  P. v. Sims CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089527 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-1996-0006158, SC060460A) |
| v. | |
| JAMES SIMS, | |
| Defendant and Appellant. | |

Defendant James Sims appeals from an order denying his postjudgment petition to vacate his murder conviction pursuant to Penal Code section 1170.95.[1]  Counsel was appointed to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal, in accordance with *People v. Wende* (1979) 25 Cal.3d 436.  Counsel advised defendant of his right to file a supplemental brief within

---

[1]  Further undesignated statutory references are to the Penal Code.

1

30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  We then dismissed the appeal as abandoned.  Counsel filed a petition for rehearing, which we granted.  After supplemental briefing, we again conclude the appeal has been abandoned, and accordingly again dismiss the appeal.

On rehearing, defendant contends principally that the *Wende* procedure applies or should apply to an appeal from an order denying a postconviction petition seeking relief pursuant to section 1170.95.  We disagree.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition pursuant to section 1170.95 remains an open question.  Our Supreme Court has not spoken.  However, we are persuaded by the recent opinion of the Second District Court of Appeal, in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278 (*Cole*), that the *Wende/Anders* procedures do not apply.

The court in *Cole* explained:  "*Wende* set forth the procedures to be followed during the defendant's 'first appeal of right'—that is, during the direct appeal of his judgment of conviction and sentence.  [Citation.]  At this stage in criminal proceedings, a criminal defendant has a federal constitutional right to the effective assistance of counsel. [Citations.]" (*Cole, supra*, 52 Cal.App.5th at p. 1031, rev. granted.)  But, "our Supreme Court has steadfastly held that 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings [citations].  Consequently, the procedures set forth in *Wende* do not apply to appeals from the denial of postconviction relief, even if the defendant might have a right to the appointment of counsel.  [Citations.]" (*Id*. at p. 1032.)

Accordingly, we "reject the notion that the Constitution compels the adoption or extension of *Wende* procedures (or any subset of them) for appeals other than a criminal

defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel. Time and again, the United States Supreme Court and our Supreme Court have rejected the very same argument. (See [*Pennsylvania v.*] *Finley* [(1987)] 481 U.S. [551,] 555; [*Conservatorship of*] *Ben C.* [(2007)] 40 Cal.4th [529,] 538-543; [*In re*] *Sade C.* [(1996)] 13 Cal.4th [952,] 986-993.)" (*Cole, supra*, 52 Cal.App.5th at p. 1034, rev. granted; *People v. Flores* (2020) 54 Cal.App.5th 266, 271.)

We agree further with the decision in *Cole* that in adopting a procedure for review of an appeal from a postconviction order under section 1170.95 in which counsel informs us of counsel's inability to find an arguable issue, we look to "the criteria used to calibrate which procedures are necessary to assure that a given procedure is fundamentally fair in order to comply with due process," i.e.: "(1) 'the private interests at stake,' (2) 'the government's interests,' and (3) 'the risk that the procedures used will lead to erroneous decisions.' " (*Cole, supra*, 52 Cal.App.5th at p. 1036, rev. granted, quoting *Lassiter v. Department of Social Services* (1981) 452 U.S. 18, 27 [68 L.Ed.2d 640].)

"A defendant's interest when seeking postconviction relief, in most cases, seeks the 'benefit of ameliorative changes' in the law rendered applicable to the defendant by legislative grace rather than constitutional imperative [citations]; the failure to protect this interest results in the failure to reduce or eliminate a conviction or sentence that was previously imposed and adjudicated to be valid." (*Cole, supra*, 52 Cal.App.5th at p. 1036, rev. granted.) "The government interest in adjudicating appeals denying postconviction relief is twofold. As with all appeals, the state has an ' "important" ' 'interest in an accurate and just resolution of the . . . appeal.' [Citations.] The state also has a 'legitimate' ' "fiscal and administrative interest in reducing the cost and burden of [the appellant] proceedings." ' [Citations.]" (*Id.* at p. 1037.) Finally: "The risk that providing fewer procedures on appeal from an order denying postconviction relief will

3

lead to an erroneous decision is not especially great. That is partly because, as noted above, defendants seeking postconviction relief have already had their convictions affirmed following their first appeal of right, such that the risk of error due to the absence of *Wende* procedures on an appeal from the denial of postconviction relief is correspondingly less. And it is partly because of our experience that 'appointed appellate counsel faithfully conduct themselves as active advocates' on behalf of their clients, and thus will invoke *Wende*-like procedures only when their careful review has turned up no reasonably arguable issues. ([*In re*] *Sade C., supra*, 13 Cal.4th at p. 990.)" (*Ibid.*)

Balancing these criteria, and exercising our powers to control the proceedings before us, we conclude that the following procedure meets the requirements of due process: "[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are 'no arguable issues to raise on appeal'; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record." (*Cole, supra*, 52 Cal.App.5th at p. 1028, rev. granted.)[2]

---

[2] Another recent opinion, from the Fourth District, Division Three, concludes that, although the *Wende* procedure is not legally compelled on appeal from an order denying a section 1170.95 petition, nevertheless an appellate court "can and should" independently review the record on appeal. (*People v. Flores, supra*, 54 Cal.App.5th at p. 274.) Certainly, an appellate court is free to correct error whenever and however it is discovered. However, we agree with *Cole* that appellate courts are not obligated to routinely conduct the searching review contemplated by *Wende*. Despite the importance of the private interest at stake, that interest is outweighed by the fiscal and administrative burdens imposed on the courts by conducting such independent review, and by the low risk of an erroneous decision if an independent review of the record is not conducted. (See also *People v. Scott* (2020) 58 Cal.App.5th 1127, petn. for review pending, petn. filed Jan. 27, 2021 [following *Cole*]; but see *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599 [following *Flores*]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

Defendant contends in addition that due process was not met because he was not provided with notice and an opportunity to respond before his appeal was dismissed. But, counsel appointed to represent defendant informed him of his right to file a supplemental brief within 30 days of the filing of the brief, and this court waited more than 30 days before dismissing the appeal.[3] Defendant fails to show how an additional, redundant advisement by this court of his right to file a brief would have protected his due process interests.

Because defendant has not filed a supplemental brief, we dismiss the appeal as abandoned.

**DISPOSITION**

The appeal is dismissed.

/s/
RAYE, P. J.

We concur:

/s/
ROBIE, J.

/s/
DUARTE, J.

---

[3] It is not clear from defendant's argument if he is suggesting that this court was obligated to inform him that his appeal would be dismissed if he failed to file a supplemental brief, but if this is the contention it is not supported by legal authority.